UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RANDALL L. SPITZMESSER, | )<br>) |
| Plaintiff, | )<br>)   2:10-cv-01700-KJD-LRL |
| v. | )<br>) |
| | )   **O R D E R** |
| TATE SYNDER KIMSEY ARCHITECTS, LTD, *et al.*, | )<br>)<br>) |
| | ) |
| Defendants. | )<br>) |

Before the court is defendant/counterclaimant Tate Synder Kimsey Architects, Ltd.'s (hereinafter "TSKA") Motion to Quash Subpoena duces tecum served on the Bank of Las Vegas. (#34). Plaintiff/counterdefendant Randall L. Spitzmesser filed an Opposition (#37), and TSKA filed a Reply (#38).

Plaintiff Spitzmesser filed his complaint (#1-1) on August 25, 2010, asserting claims for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) defamation per se, (4) false light invasion of privacy, (5) retaliatory discharge in violation of public policy, (6) unjust enrichment, (7) injunctive relief under NRS 31.010, and (8) retaliatory discharge in violation of the Fair Labor Standards Act (hereinafter "FLSA"). Subsequently, the court permitted the plaintiff to add defendant James Windom Kimsey as a party and to add a claim for breach of fiduciary duty. (#36). Further, upon motion by the defendant (#4), the court dismissed the plaintiff's claims for defamation per se, false light invasion of privacy, and retaliatory discharge in violation of public policy. *Id.*

Plaintiff alleges that he is a former employee and current shareholder of defendant TSKA, an architectural firm located in Las Vegas. (#1-1). Plaintiff worked for TSKA from July of 2000, through June 23, 2009, and became a shareholder in January 2006, pursuant to a written shareholder agreement

(#34 Ex. C). *Id*. Plaintiff contends that in accordance with the shareholder agreement (#34 Ex. C), defendant TSKA was required to purchase his shares upon termination, and that the value of the shares was to be determined as of the fiscal year end which immediately preceded the date of his termination. *Id.*

In the complaint (#1-1), plaintiff asserts that he was wrongfully terminated for voicing objections to an alleged "strawman scheme" and for complaining to TSKA of violations of the FLSA. *Id.* Additionally, plaintiff contends that TSKA "intentionally depressed the value of his shares" by setting the "date for valuation on the eve of a large increase in value to the company resulting from the award of projects that would bring millions of dollars in revenue and increased profits." (#37). Defendant maintains the position that plaintiff was terminated due to lack of work. (#16).

**Motion To Quash**

Pursuant to Federal Rule of Civil Procedure 45(c)(3), the court must quash or modify a subpoena if it "requires disclosure of privileged or other protected matter," and may quash or modify a subpoena if it requires "disclosing trade secret or other information, development, or commercial information."

On June 2, 2011, plaintiff served TSKA's bank, the Bank of Las Vegas, with a subpoena duces tecum (#34-1 Ex. A) seeking the production of "[a]ll bank statements, correspondence, and cancelled checks for each month of the time period of January 1, 2009 through and including June 1, 2011 for all accounts of Tate Snyder Kimsey Architects..." On June 16, 2011, defendant's counsel sent a letter to plaintiff's counsel objecting to the subpoena and served plaintiff with a notice of objection to the subpoena. (#34-2 Ex. B). After unsuccessfully attempting to resolve the matter via telephone conference, TSKA filed the present motion (#34).

In the motion to quash (#34), defendant TSKA contends that the subpoena is over broad, because the time period requested includes two years *after* plaintiff was terminated; the information sought is confidential; and the bank records are irrelevant to the plaintiff's remaining claims. Further, defendant argues that it has already provided plaintiff with its tax returns, and that "less intrusive and more

2

efficient" means of discovery are available. Additionally, defendant asserts that plaintiff has formed a competing architectural firm, and that, in violation of the shareholder agreement, he has already attempted to solicit TSKA's clients. Therefore, defendant contends, allowing plaintiff access to its bank records would be highly prejudicial.

In his opposition (#37), plaintiff argues that the subpoena is "appropriately tailored," and that the records will provide an "objective picture of the financial position of the corporation." Specifically, plaintiff asserts that he is entitled to the records because (1) he is an owner of the company, (2) the records will negate defendant's assertion that there was a "lack of work," (3) the records will demonstrate how defendant intentionally "sought to depress the value of [his] shares by setting the date of valuation on the eve of a large increase in value," and (4) that the records will support his allegation that he has not been provided with his share of the profits from 2009-2011.

The court finds not only that there are less intrusive means by which plaintiff can obtain the desired information, but that the potential for prejudice to the defendant outweighs the value of any evidence that may be discovered. First, plaintiff conceded that he is a shareholder owning between eight and nine percent. (#37). Therefore, as he owns less than 15%, plaintiff is not entitled to inspect the financial records as he asserts. *See* N.R.S. 78.257. Second, as plaintiff owns a competing business with an adverse interest, allowing him access to defendant's bank records (identities of clients) would be highly prejudicial. Third, as defendant contends, it has already provided plaintiff with its tax returns for 2008 and 2009. Much of the information allegedly sought by plaintiff through the subpoena can be obtained through these documents. Lastly, the court finds that the plaintiff can employ the use of depositions, interrogatories, etc. to uncover evidence regarding payments of shares, knowledge of "significant" large contracts coming in, and the alleged bad faith surrounding the timing of the termination. The defendant's bank records would not provide any more insight into these claims, but would merely give plaintiff unfair access to defendant's confidential information.

Accordingly, and for good cause shown,

IT IS ORDERED that defendant/counterclaimant Tate Synder Kimsey Architects, Ltd.'s Motion to Quash Subpoena duces tecum served on the Bank of Las Vegas (#34) is GRANTED.

DATED this 22nd day of August, 2011.

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**