# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

RANDALL SPITZMESSER,

        Plaintiff,

v.

TATE SNYDER KIMSEY ARCHITECTS, LTD.,

        Defendant.

2:10-cv-01700-KJD -VCF

**O R D E R**

Before the court is defendant Tate Snyder Kimsey Architects, Ltd.'s (hereinafter "TSKA") Motion To Compel. (#67). Plaintiff Randall Spitzmesser filed an Opposition (#69), and defendant TSKA filed a Reply (#72).

**Background**

On August 25, 2010, plaintiff Spitzmesser filed a complaint against his former employer TSKA alleging claims for breach of contract, breach of the covenant of good faith and fair dealing, defamation *per se*, false light invasion of privacy, retaliatory discharge in violation of public policy, unjust enrichment, injunctive relief under N.R.S. 31.010, and retaliatory discharge in violation of The Fair Labor Standards Act. (#1-1). The action was subsequently removed to this court on September 30, 2010, pursuant to 28 U.S.C. § 1441(b). (#1). On June 26, 2011, the court dismissed the plaintiff's claims for retaliatory discharge in violation of public policy, defamation *per se*, and false light invasion of privacy. (#36).

Plaintiff Spitzmesser began working as an architect for defendant TSKA in July of 2000, and his employment was terminated in June of 2009. *Id*. During his term of employment, plaintiff Spitzmesser became a shareholder in TSKA pursuant to a written contract that could only be terminated for certain specified good causes. *Id*. Plaintiff alleges in his complaint that he was forced under threats

of termination "to participate in a straw man scheme to make a contribution to Senator Harry Reid's re-election campaign." *Id.* Plaintiff argues that his objection to this alleged scheme was "a significant or determining factor in" his termination. *Id.* Plaintiff also alleges that defendant TSKA terminated his employment after he complained about other improper or illegal practices of TSKA. *Id.*

Defendant TSKA argues that during plaintiff Spitzmesser's employment, he became very close with co-worker Mrs. Wichmann. (#67). Mrs. Wichmann was employed by TSKA until August 2009, and subsequently formed rasa (sic), a competitor of TSKA, with plaintiff Spitzmesser. *Id.* Defendant believes that Wichmann and Spitzmesser were developing a plan to form a competing business while Wichmann was still employed at TSKA, and that Wichmann and Spitzmesser communicated after Spitzmesser's termination for the purpose of attempting to solicit TSKA's clients. *Id.*

**Motion To Compel**

In the present motion to compel (#67), defendant TSKA asks this court to order non-party witness Mrs. Wichmann to produce documents pursuant to the subpoena (#67-1 Exhibit A) issued on August 29, 2011. Plaintiff Spitzmesser opposes the motion, not based on the propriety of the discovery as requested in the motion, but on the basis that the subpoena was invalid and not properly served on Mrs. Wichmann, and that the motion to compel (#67) was untimely. (#69).

A.  **Relevant Law**

Pursuant to Rule 37(a)(3)(B)(iv), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if "a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). In determining if a requested document should be produced, the court examines whether the document is "relevant to any party's claim or defense..." or, for good cause shown, "relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). Relevance at this stage is considerably broader than relevance for trial purposes. *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). For discovery purposes, relevance means only that the materials sought are reasonably

2

calculated to lead to the discovery of admissible evidence. *Id*.

### B. Relevant Facts

On August 27, 2011, plaintiff's counsel sent an email to defendant's counsel regarding scheduling Mrs. Wichmann's deposition. (#72-1 Exhibit A). Plaintiff's counsel represented that Mrs. Wichmann was available on September 14, 2011, and that "[i]f [defense counsel] would like to bring a subpoena" to plaintiff's counsel, he would "see that she gets it." *Id.* In responding to the email on August 29, 2011, defense counsel stated that he would bring the subpoena by that day or would email it to plaintiff's counsel. *Id.* Plaintiff's counsel sent a follow-up email on August 29, 2011, agreeing to the arrangement, and stating that he would "prepare an acceptance of service just to complete the record." *Id.* Plaintiff's counsel also stated that he would give the subpoena to Mrs. Wichmann whenever it arrived, and that it would be best for it to arrive that day, so plaintiff Spitzmesser could "hand it to her." *Id.*

The subpoena (#67-1 Exhibit A) ordered Mrs. Wichmann to appear for her deposition on September 14, 2011, at 9:00 a.m. and to produce a list of documents at that time. Exhibit A to the subpoena listed ten requests for production of documents, including (1) cell phones records, (2) emails to and from the plaintiff, (3) documents retained from her employment at TSKA, (4) all documents evidencing funds loaned to the plaintiff, (5) all documents evidencing any funds loaned to rasa, (6) all records of income generated by rasa, (7) list of all clients for whom rasa has performed work for, (8) list of all clients for whom she has personally performed work for, (9) all notes, memos, recorded conversations, test messages, emails in her possession regarding defendant TSKA, plaintiff, and/or rasa, and (10) IRS returns. (#67-1 Exhibit A).

It is unclear when Mrs. Wichmann actually received the subpoena. Defendant TSKA did not file a proof of service pursuant to Fed. R. Civ. P. 45(b)(4), there is no evidence to suggest that plaintiff's counsel prepared an acceptance of service, and Mrs. Wichmann testified at her deposition that she didn't "remember the exact date" that she received the subpoena, but that "it was probably within a couple

3

1  days of the issuance." (#67-3 Exhibit C). In an email sent to defendant's counsel dated September 13,
2  2011, Mrs Wichmann, asserted several objections to the subpoena requesting the production of
3  documents. (#67-2 Exhibit B). Mrs. Wichmann objected to six of the requests, claiming invasion of
4  privacy, that she did not possess the records, that she would not produce certain documents without the
5  assurance that the documents would not be used for any other purpose or seen by any person not
6  involved with the litigation, that the requests were confusing, and that the documents were irrelevant.
7  *Id.*

8  On September 14, 2011, the day of the deposition, Mrs. Wichmann reiterated her objections and
9  continued to refuse to produce the documents. (#67-3 Exhibit C). Defense counsel argued during the
10 deposition that the emailed objections, which were allegedly received on September 14, 2011, at 9:00
11 p.m., were untimely, and that the documents requested were relevant and should be produced. *Id.*
12 Plaintiff's counsel disagreed, and stated that the objections were timely because Mrs. Wichmann
13 testified that she received the subpoena "a couple of days later." *Id.* Defense counsel admitted that he
14 did not use a process server, as he was relying on plaintiff's counsel's representation that he would get
15 the subpoena to the witness. *Id.* Plaintiff's counsel asserted that he believed that defendant had not
16 provided Mrs. Wichmann with witness fees, and defense counsel stated that he assumed that he had.
17 *Id.* The deposition proceeded, and no other objections were addressed. *Id.* Following the deposition,
18 defendant attempted to obtain the documents set forth in the deposition subpoena (#67-1 Exhibit A)
19 from other sources, but was unable to do so. (#72).

20     **C.     Arguments**

21 Mrs. Wichmann refuses to produce documents in the 1st, 2nd, 6th, 7th, 9th, and 10th requests.
22 (#67-1 Exhibit A). Defendant argues that Mrs. Wichmann's objections to these requests were untimely,
23 and thus waived, because Mrs. Wichmann did not assert her objections within fourteen days after being
24 served with the subpoena. Fed. R. Civ. P. 45(c)(2)(B)(permitting an individual to object to a subpoena
25 within fourteen days of service.). Nonetheless, if the court finds that the objections were timely,

26                                                    4

defendant asks this court to order Mrs. Wichmann to produce the documents because they are relevant to defendant TSKA's defenses. (#67).

With regard to requests one, two, seven, and nine (the cell phone records, the email communications between plaintiff and Mrs. Wichmann, rasa's clients, and any communication relating to defendant, plaintiff, or rasa), defendant asserts that these requested documents will demonstrate that plaintiff Spitzmesser breached the shareholder agreement by improperly soliciting TSKA's clients during his employment, and that Mrs. Wichmann aided in the solicitation after plaintiff's termination. *Id.* Defendant asserts that the financial records requested in the sixth and tenth requests are relevant in demonstrating that plaintiff mitigated his damages. *Id.* Plaintiff is asserting loss of income as a result of his termination. (#1-1). Therefore, defendant argues, rasa's records of income and IRS returns will assist in determining whether plaintiff did in fact incur a loss of income. (#67). Defendant asserts that, as the accountant and majority owner of rasa, Mrs. Wichmann is "in the best position to provide" these records. *Id.*

In opposition to the motion to compel (#69), plaintiff argues that the motion should be denied due to several procedural defects. Plaintiff asserts that the subpoena was invalid, as the subpoena did not provide for witness fees and mileage, and as plaintiff's counsel was not authorized to accept service on Mrs. Wichmann's behalf under Fed. R. Civ. P. 45 (b)(1), and only agreed to provide her with a copy. (#69). Plaintiff also argues that Mrs. Wichmann's objections were timely under Fed. R. Civ. P. 45(c)(2)(B), because she actually received the subpoena days after it was issued, and there is no proof of service to show otherwise. *Id.* Plaintiff's last argument relates to the timeliness of the motion itself. *Id.* Plaintiff argues that the motion to compel is untimely, as it was filed on December 9, 2011, and discovery cut-off was October 10, 2011. *Id.* Further, plaintiff asserts that it was unreasonable for the defendant to wait nearly 90 days *after* the deposition to file the motion to compel. *Id.* As previously stated, the plaintiff did not provide the court with any arguments relating to the relevance or confidentiality of the requested documents. *Id.*

**D.     Discussion**

The court finds that there were several procedural deficiencies with the service of the subpoena on the part of both plaintiff's counsel and defendant's counsel. These deficiencies, however, do not warrant denying the motion. Defense counsel did not serve the subpoena through a process server, but relied upon the agreement that plaintiff's counsel would deliver the subpoena to Mrs. Wichmann and have her sign an acceptance of service. (#72-1 Exhibit A). Plaintiff's counsel represented that he would "prepare an acceptance of service just to complete the record" (#72-1 Exhibit A), but has not provided the court with such a document. Without proof of when Mrs. Wichmann was served or received the subpoena, the court is unable to adequately assess whether Mrs. Wichmann's objections were in fact timely. Defense counsel did not provide Mrs. Wichmann with witness fees or mileage (#67-3 Exhibit C) as required. *See* Fed. R. Civ. P. 45(b)(1). However, Mrs. Wichmann did not raise any issues with the validity of the subpoena during the deposition or at anytime thereafter, and thus waived any objections. *In re Hall*, 296 F. 780 (S.D.N.Y. 1924)(holding that when a person appears in response to a subpoena, submits himself to be sworn, and "no objection is raised as to the services of process until afterwards," "he may be said to have waived defects in the service of the subpoena.").

While it is true that defendant did not file the motion to compel immediately after the deposition, the defendant's delay is justified. The court requires that a moving party attempt to resolve any discovery issues without the court's intervention before filing a motion to compel. Local Rule 26-7(b)(stating that discovery motions will not be considered unless the parties first attempt to resolve the matter without court action.). Since the deposition on September 14, 2011, defendant has been attempting to obtain the requested documents through AT&T (#67-4 Exhibit D - subpoena and declaration of AT&T) and the plaintiff himself (#67-5 Exhibit E - profit and loss sheet provided by plaintiff for November - December 2010). In accordance with the Local Rules, defendant TSKA filed the motion to compel *after* these attempts were unsuccessful. (#72).

With regard to the documents requested, the court agrees with the defendant and finds that the

6

documents are relevant to the action before this court. *Oppenheimer Fund*, 437 U.S. 340, 351. Ordering Mrs. Wichmann to provide the requested documents after the close of discovery in no way prejudices the plaintiff, as the court is permitting only limited discovery, there is a motion for summary judgment (#63) pending, and no pretrial order is currently due. Mrs. Wichmann is therefore ordered to provide the defendant with the requested documents within 21 days from the entry of this order. The court recognizes that several of Mrs. Wichmann's objections have merit, and limit the requests as follows:

(1) Cell phone records between January of 2009 and August of 2009;

(2) Any *personal* emails to and from plaintiff between January of 2009 and August of 2009;

(6) All records of income generated by rasa *since its inception*;

(7) List of all clients for whom rasa has performed work *since its inception*;

(9) All notes, memos, recorded conversations, text messages, and emails *dated January of 2009 to the present* that are in your possession regarding defendant TSKA, plaintiff Spitzmesser, and/or rasa; and

(10) IRS returns for 2009 and 2010 *for rasa.*

The court also recognizes that certain requested documents may be confidential in nature. Therefore, the parties are ordered to file a stipulated protective order within 10 days from the entry of this order.

Accordingly, and for good cause shown,

IT IS ORDERED that defendant Tate Snyder Kimsey Architects, Ltd.'s Motion To Compel (#67) is GRANTED, as discussed above. Mrs. Wichmann shall provide defendant TSKA with the requested documents, subject to the limitations herein, within twenty-one (21) days from the entry of this order.

. . .

. . .

7

IT IS FURTHER ORDERED that the parties shall file a stipulated protective order within ten (10) days from the entry of this order.

DATED this 12th day of January, 2012.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

8