MICHAEL M. EDWARDS
Nevada Bar No. 006281
SHERI M. THOME
Nevada Bar No. 008657
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
300 South Fourth Street, 11th Floor
Las Vegas, Nevada 89101
(702) 727-1400; FAX (702) 727-1401
Michael.Edwards@wilsonelser.com
Sheri.Thome@wilsonelser.com
Attorneys for Defendants,
*Tate Snyder Kimsey Architects, Ltd. & James Windom Kimsey*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RANDALL L. SPITZMESSER,<br><br>Plaintiff,<br><br>v.<br><br>TATE SNYDER KIMSEY ARCHITECTS, LTD., a Nevada Domestic Professional Corporation; JAMES WINDOM KIMSEY; ROE BUSINESS ENTITIES I-X; DOE INDIVIDUALS I-X,<br><br>Defendants. | CASE NO:   2:10-cv-01700-KJD-LRL |

## STIPULATED PROTECTIVE ORDER

Plaintiff RANDALL L. SPITZMESSER and Defendants TATE SNYDER KIMSEY ARCHITECTS, LTD. and JAMES WINDOM KIMSEY hereby enter into the following stipulation and agreement with respect to the following documents the Court has ordered non-party witness Tina Wichmann to produce:

(1) Cell phone records between January of 2009 and August of 2009;

(2) Any personal emails to and from Plaintiff Randall Spitzmesser and Tina Wichmann between January of 2009 and August of 2009;

(3) All records of income generated by rasa since its inception;

(4) A list of all clients for whom rasa has performed work since its inception;

293510.1

(5) All notes, memos, recorded conversations, text messages, and emails dated January of 2009 to the present that are in Tina Wichmann's possession regarding Tate Snyder Kimsey Architects, Ltd., Plaintiff Randall Spitzmesser, and/or rasa;

(6) IRS returns for 2009 and 2010 for rasa.

The parties stipulate and agree that the documents set forth above are to be produced for purposes of discovery and in general preparation for the litigation of this action and may contain proprietary and confidential information, and the parties therefore agree that dissemination of this information to parties outside this litigation may cause irreparable harm. Accordingly, the document may be used by the parties only for purposes described below, subject to the following conditions, safeguards and limitations:

1. The documents listed above shall be used only in connection with this litigation among the parties and shall not be disclosed or used by anyone except:

(a) Attorneys of record for any party to this action, including attorneys in any law firm or corporation who have been assigned to represent the interests of any party to this action;

(b) Regular employees of any law firm or corporation appearing as counsel of record in this action, including paralegals and secretaries;

(c) Any officer or employee of any party to this action, including in-house counsel, but only to the extent of that person's involvement in this action;

(d) Independent experts retained by any party, but only to the extent necessary to assist the parties, and their attorneys, in the preparation and presentation of their claims or defenses;

(e) Persons who have authored, prepared or assisted in the preparation of the particular confidential documents or materials;

(f) Any deponent or witness in the course of, or in preparation for, testimony at the trial of this matter; and

(g) The Court, Court personnel, Court reporters, or other personnel involved in the adjudicative process.

2. No copies of any documents or material shall be made or delivered to any person other than those categories of persons referred to explicitly in paragraph "1" above, except any copy

293510.1

1  actually marked as an exhibit at the trial in this matter. This provision shall not prevent counsel
2  from making copies for their own use, or use by their office assistants.

3      3. No documents listed above shall be used for any purposes outside this litigation.

4      4. The parties agree that the documents listed above are confidential in nature. Accordingly,
5  in the event any party proposes to attach any of the documents listed above to a dispositive motion
6  filed with the Court, the party so submitting the document(s) must first obtain a ruling from the
7  Court that compelling reasons, as defined in Kamakana v. City and County of Honolulu, 447 F.3d
8  1172 (9th Cir. 2006), exist to keep the document(s) attached to the dispositive motion sealed or
9  
10  provide the opposing party and Tina Wichmann notice of its intent to attach the document(s) to a
11  dispositive motion so that the opposing party or Mrs. Wichmann may seek such a determination
12  from the Court. The moving party shall bear the burden of establishing that compelling reasons exist
13  to keep the document(s) sealed. In the alternative, the parties may stipulate that compelling reasons
14  exist to keep the document(s) sealed and may submit a stipulation to the Court requesting that the
15  document(s) be sealed. The document(s) shall then be provided to the Court for an *in camera* review
16  
17  and determination as to whether compelling reasons exist to keep the document(s) sealed. The
18  provisions in this paragraph shall also apply to the use of the documents listed above during trial.

19      5. In the event any party proposes to attach any of the documents listed above to a non-
20  dispositive motion filed with the Court, the party so submitting the document(s) must first obtain a
21  ruling from the Court that good cause, as defined in Kamakana v. City and County of Honolulu, 447
22  F.3d 1172 (9th Cir. 2006), exists to keep the document(s) attached to the dispositive motion sealed or
23  
24  provide the opposing party and Tina Wichmann notice of its intent to attach the document(s) to a
25  dispositive motion so that the opposing party or Mrs. Wichmann may seek such a determination
26  from the Court. The moving party shall bear the burden of establishing that good cause exists to
27  keep the document(s) sealed. In the alternative, the parties may stipulate that good cause exists to

Page 3 of 4

293510.1

1  keep the document(s) sealed and may submit a stipulation to the Court requesting that the
2  document(s) be sealed. The document(s) shall then be provided to the Court for an *in camera* review
3  and determination as to whether good cause exists to keep the document(s) sealed.

4      6. Whenever any counsel proposes to disclose any of the above documents to any person
5  who is not included in those categories of persons referred to in paragraph "1" above, prior notice
6  shall be given in writing to the producing party and all other parties to this case; if the producing
7  party or another party to this case objects to the disclosure of its documents or information, the
8  documents or information shall not be disclosed.

9      7. Nothing in this Stipulated Protected Order shall preclude any party from applying to the
10 Court for additional or different provisions in respect to specific documents should the need arise
11 during this action. The Court shall maintain jurisdiction over the issue of confidentiality of the
12 documents described in this Stipulated Protective Order and reserves the right to make additional
13 findings or determinations with respect to whether the document(s) should be sealed.

DATED: 02/03/2012                              DATED: 2/3/12

**WILSON, ELSER, MOSKOWITZ,**                  **KEMP & KEMP**
**EDELMAN & DICKER LLP**

Sheri M. Thome, Esq.                           James P. Kemp, Esq.
Nevada Bar No. 008657                          Nevada Bar No. 006375
300 South Fourth Street, 11th Floor            7435 West Azure Drive, Suite 110
Las Vegas, Nevada 89101                        Las Vegas, Nevada 89130
*Attorneys for Defendants*                     *Attorneys for Plaintiff*

Dated this 6th day of February, 2012.

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE COURT JUDGE

293510.1